UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DOUG ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:04-CR-85-RLJ-CCS-1 |
| | ) | 3:16-CV-384-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 66, 68].[1] The United States responded in opposition on August 15, 2016 [Doc. 70]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons discussed below, Petitioner's § 2255 motion [Docs. 66, 68] will be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.     BACKGROUND**

In 2002, Petitioner entered a pharmacy, pointed a gun at a pharmacy employee, and demanded narcotics [Presentence Investigation Report (PSR) ¶ 10]. Petitioner subsequently pled guilty to armed robbery of a pharmacy, in violation of 18 U.S.C. § 2118(a) and (c)(1); using, carrying, and brandishing a firearm during and in relation to that crime of violence, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶¶ 1–5]. Based on Tennessee convictions for two aggravated burglaries [*Id.* ¶¶ 40–41], one aggravated robbery [*Id.* ¶ 43], and three robberies [*Id.* ¶¶ 46, 50–51], the United States Probation

---

[1] Petitioner submitted the initial petition challenging his armed career criminal designation and § 924(c) offense on June 22, 2016 [Doc. 66], and supplemented that motion with a challenge to his career offender designation on July 14, 2016 [Doc. 67].

Office deemed Petitioner to be an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and career offender under Section 4B1.1 of the United States Sentencing Guidelines [*Id.* ¶¶ 33, 34]. As a result of these designations, Petitioner received a Guidelines range of 262 to 327 months' incarceration with a fifteen year statutory mandatory minimum sentence [*Id.* ¶ 78, 79]. This Court sentenced Petitioner to an aggregate 300-month term of imprisonment—concurrent 216-month terms for the pharmacy robbery and § 924(g)(1) offenses and a consecutive 84-month term for the § 924(c) offense [Doc. 55].

Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on September 21, 2007 [Doc. 64]. Petitioner did not seek a writ of certiorari from the Supreme Court, meaning his conviction became final for purposes of § 2255(f)(1) on December 20, 2007. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (explaining that conviction affirmed on appeal becomes final when the ninety-day period for seeking a writ of certiorari expires).

Eight-and-a-half years later—on June 22, 2016—Petitioner filed the instant petition seeking relief in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that the residual provision of the ACCA was unconstitutionally vague [Docs. 66, 67].

## II. TIMELINESS AMENDMENTS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the

2

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Petitioner submitted the instant petition within subsection (f)(3)'s window.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner argues the *Johnson* decision removed an undisclosed number of his prior conviction from the definition of "violent felony" under § 924(e)(2)(B) and "crime of violence" under Section 4B1.2(a), thereby precluding his continued categorization as an armed career

criminal and career offender [Docs. 66, 67].  Petitioner also seeks vacatur of his § 924(c)(1)(A) conviction on the basis that the *Johnson* decision removed the pharmacy robbery offense from the definition of "crime of violence" in § 924(c)(3)(B) [Doc. 66].

### A. Validity of Petitioner's ACCA and Career Offender Designations

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1). The statute defines "violent felony" as  "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*.  135 S. Ct. at 2563.  The Court went on to make clear that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses.  *Id.*  Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual §4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA, *see* U.S. Sentencing Manual § 4B1.2 (defining "crime of violence" through use of

4

use-of-physical force, enumerated-offense, and residual clauses), the sole distinction arising from the fact that the Guidelines' enumerated-offense clause covers only that subset of burglaries that involve a dwelling. *Compare* 18 U.S.C. § 924(e)(1) (listing "burglary, arson, or extortion"), *with* U.S. Sentencing Manual § 4B1.2(a) (listing "burglary of a dwelling, arson, or extortion").

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as violent felonies under one of the unaffected provisions of § 924(e)(2)(B) or as serious drug offenses under § 924(e)(2)(A), and whether two or more of his prior convictions qualify as crimes of violence under one of the unaffected provisions of Section 4B1.2(a) or as controlled substance offenses under Section 4B1.2(b). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his convictions categorically qualify as predicates independent of the ACCA and Guideline residual clauses. Specifically, binding Sixth Circuit authority dictates that all three of Petitioner's prior Tennessee robbery convictions categorically qualify as violent felonies and crimes of violence under the ACCA and Guidelines use-of-physical-force clauses. *See, e.g.*, U*nited States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected this

5

Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause). Because the *Johnson* decision has no affect Petitioner's ACCA or career offender designations, those challenges fail as a matter of law.

      B.      **Validity of Petitioner's § 924(c) Conviction**

To the extent Petitioner argues that the *Johnson* decision invalidated the residual clause in § 924(c)(3)(B), thereby precluding his violation of 18 U.S.C. § 2118(a) and (c)(1) from categorization as a "crime of violence" sufficient to support a conviction under § 924(c)(1)(A) [Doc. 46 (arguing that he is entitled to vacatur of his § 924(c) conviction)]. The argument fails.

Binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the ACCA and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See*

---

[2]    The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

6

*United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated [the former] is . . . without merit"). The conviction under 18 U.S.C. §§ 2118(a) and (c)(1) remains capable of supporting the conviction under § 924(c)(1)(A).

## V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Docs. 66, 67] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

ENTER:

s/ Leon Jordan
United States District Judge

---

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").